(No. 2717—

ALUMINUM ORE COMPANY, A CORPORATION, ASSIGNEE OF FRANKLIN FLUORSPAR COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 3, 1936.*

KRAMER, CAMPBELL, COSTELLO & WEICHERT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Franklin Fluorspar Company, a foreign corporation authorized to do business in this State, filed its complaint herein on August 17th, 1935, in which it asked for an award in the amount of $709.98, being the amount of the franchise tax paid by said Franklin Fluorspar Company for the year beginning July 1st, 1935.

From the stipulation on file it appears that during the month of February, A. D. 1935, the Franklin Fluorspar Company filed its annual report with the Secretary of State, from which report it appeared that there was due from said Company the sum of $25.52 as additional initial license fee, and the sum of $709.98 as a franchise tax for the year beginning July 1st, 1935; that upon receipt of such report the Secretary of State made an assessment of additional initial license fee and franchise tax in accordance with such report, and forwarded same to said Company; that on May 28th, 1935 said Franklin Fluorspar Company paid to the Secretary of State the sum of $735.50 in payment of the additional initial license fee and franchise tax so assessed against it as aforesaid; that on June 25th, 1935 said Franklin Fluorspar Company executed its application for withdrawal from this State and final report as required by the provisions of the Business Corporation Act, and on June 26th, 1935 filed such application and final report in the office of the Secretary of State; that on said 26th day of June, A. D. 1935, the Secretary of State issued to said Franklin Fluorspar Company a certificate of withdrawal in due form as required by law; that thereupon said Franklin Fluorspar Company ceased to do business in this State and withdrew therefrom; that after the payment of said franchise tax and after the issuance of the aforementioned certificate of withdrawal by the Secretary of State as aforesaid, said Franklin Fluorspar Company requested the Secretary of State to refund to it the sum of $709.98 so paid by it as a franchise tax as aforesaid; that the Secretary of State advised said Franklin Fluorspar Company that he had no authority to refund said tax, and that the only recourse of said Company was to file its claim in this court; that on August 17th, 1935 said Franklin Fluorspar Company filed its claim herein for the recovery of the franchise tax in the amount of $709.98 so paid by it as aforesaid; that on September 4th, 1935 the Franklin Fluorspar Company, being about

to dissolve, and desiring to close up its business and dispose of its assets, assigned to Aluminum Ore Company the claim theretofore filed by it against the State of Illinois as aforesaid, together with all of the proceeds arising therefrom; that on September 18th, 1935 the original complaint herein was amended by substituting as claimant the Aluminum Ore Company as Assignee of Franklin Flourspar Company.

Claimant contends that the payment of the franchise tax by the Franklin Flourspar Company on May 28th, 1935 was through inadvertence and mistake on the part of the agent of said company charged with the payment of such tax, and that inasmuch as such tax was for the year commencing July 1st, 1935, and the Company had withdrawn from the State prior to that time, and the Secretary of State had duly issued a certificate of withdrawal prior to that date, it is entitled to a refund of the franchise tax so paid by said Franklin Fluorspar Company as aforesaid.

The Attorney General contends that the claimant is not entitled to such refund and bases his contention on Section 139 of the Business Corporation Act of this State, which provides in part as follows:

"The basis for the annual franchise tax of a foreign corporation shall be the amount represented in this State, determined in accordance with the provisions of this section, of the sum of its stated capital and paid-in surplus on the thirty-first day of December of the preceding calendar year, minus the amount by which the sum of the stated capital and paid-in surplus may have been reduced after the thirty-first day of December of the preceding calendar year and prior to the 25th day of June of the current calendar year, as disclosed by any report or document filed by it with the Secretary of State."

The Attorney General takes the position that inasmuch as there was no reduction in the amount of the stated capital and paid-in surplus between December 31st, 1934 and June 25th, 1935, claimant is not entitled to a refund.

As we view the matter, the section of the statute referred to by the Attorney General has no application in this case. Such section has reference only to the amount of the tax due in cases where there has been a reduction in the stated capital or paid-in surplus between the dates therein stated, and has no application whatsoever to a case where the question involved is the withdrawal of a corporation from the State.

From the stipulation on file, it clearly appears that the tax in question was for the year commencing July 1st, 1935;

that a certificate of withdrawal in due form of law had been properly issued to the Franklin Fluorspar Company prior to said July 1st, 1935; that Franklin Fluorspar Company was not authorized to and was not doing business in this State on or after July 1st, 1935 and was therefore not subject to a franchise tax; that the franchise tax in question was paid by Franklin Fluorspar Company as the result of a mistake of fact on the part of the agent of the Company having charge of its tax matters.

The rule appears to be well established, that where a tax is paid as the result of a mistake of fact, the party paying the tax is entitled to a refund thereof. 21 R. C. L. 164-166; 48 Corpus Juris, 759.

Such rule has been repeatedly recognized and applied by this Court. *Moorman Mfg. Co.* vs. *State*, 8 C. C. R. 106; *Rossia Insurance Co.* vs. *State*, 8 C. C. R. 203; *Bates Valve Bag Corporation* vs. *State*, 7 C. C. R. 64; *Black Star Coal Co.* vs. *State*, 6 C. C. R. 379; *Importers, Etc. Insurance Co.* vs. *State*, 5 C. C. R. 1; *Big Four Wilmington Coal Co.* vs. *State*, 4 C. C. R. 279; *Fireman's Insurance Co.* vs. *State*, 2 C. C. R. 220.

Award is therefore entered in favor of claimant for the sum of $709.98.